**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| ELIE P. AZAR; WHITE WOLF CAPITAL GROUP, INC. (DE); WHITE WOLF CAPITAL GROUP, LLC (DE); WHITE WOLF CAPITAL GROUP LLC (FL);WHITE WOLF CAPITAL, LLC (NY); WHITE WOLF CAPITAL, LLC (DE); WHITE WOLF CAPITAL LLC (FL); WWC OPERATIONS LLC (DE); WHITE WOLF CAPITAL MANAGEMENT LLC (NY); WHITE WOLF CAPITAL MANAGEMENT LLC (DE); WHITE WOLF CAPITAL MANAGEMENT LLC (FL); WHITE WOLF PARTNERS, LLC (NY); WHITE WOLF INVESTMENTS, LLC (NY); WHITE WOLF PARTNERS, LLC (DE); WHITE WOLF PRIVATE EQUITY PARTNERS, LLC (DE); WHITE WOLF CAPITAL PARTNERS, LLC (NY); WHITE WOLF CAPITAL PARTNERS LLC (DE); WHITE WOLF CAPITAL PARTNERS, LLC (FL); WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC (DE); WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC (DE); WHITE WOLF, LLC (DE); WHITE WOLF LLC (FL); WHITE WOLF CAPITAL ADVISORS LLC (DE); WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC (DE);  WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC (FL); WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC (DE); WHITE  WOLF PRIVATE CREDIT MANAGEMENT, LLC (FL);WHITE WOLF INVESTMENTS, LLC (FL); WHITE WOLF PRIVATE CREDIT PARTNERS LLC (DE); WHITE WOLF BUSINESS CAPITAL LLC (DE); WHITE WOLF INVESTMENTS, LLC (DE); WHITE WOLF PRIVATE EQUITY, LLC (DE); WHITE WOLF PRIVATE EQUITY LLC (FL); WHITE WOLF PRIVATE CREDIT, LLC (DE); WHITE WOLF PRIVATE CREDIT LLC (FL); WHITE WOLF CAPITAL CANADA, INC. (CANADA); WHITE WOLF PRIVATE | Case No. <br><br> **JURY TRIAL DEMANDED** |

1

CREDIT PARTNERS LLC (DE); WHITE
WOLF CAPITAL INVESTMENT
PARTNERS I, LLC (DE); WHITE WOLF
CAPITAL INVESTMENT PARTNERS II,
LLC (DE); WWCIP III, LLC (DE); WWCIP
IV, LLC (DE); WWCIP V, LLC (DE);
WWCIP VI, LLC (DE); WWCIP VII, LLC
(DE); WWCIP VIII LLC (DE); WWCIP IX
LLC (DE); WWCIP II GP, LLC (DE);
WWCIP III GP, LLC (DE); WWCIP IV GP,
LLC (DE); WWCIP V GP, LLC (DE);
WWCIP V INSTITUTIONAL, LLC (DE);
WWCIP V INSTITUTIONAL II, LLC (DE);
WWCIP V INSTITUTIONAL GP LLC,
(DE); WWCIP VI GP, LLC (DE); WWCIP
VI INSTITUTIONAL I, LLC (DE); WWCIP
VI INSTITUTIONAL I GP, LLC (DE);
WWCIP VII GP, LLC (DE); WHITEWOLF
CAPITAL MEZZANINE PARTNERS I,
LLC (DE); WWCIP IX GP, LLC (DE);
WWCIP X, LLC (DE); WHITE WOLF
PRIVATE CREDIT OPPORTUNITIES, LP
(DE); WWCIP I INSTITUTIONAL, LLC
(DE); WWCIP X GP, LLC (DE); WWPEP
CANADA GP INC. (CANADA); WWPEM
CANADA INC. (CANADA); WWPEP
CANADA LP (CANADA); WWPEO GP,
LLC (DE); WHITE WOLF PRIVATE
EQUITY OPPORTUNITIES LP (DE); AND
WWCIP I GP, LLC (DE);

       Plaintiffs,

v.

WHITE WOLF VENTURES, LLC, JUSTIN
PATCHEN, AND ERIC BOSS

       Defendants.

2

## COMPLAINT FOR
## PERMANENT INJUNCTION AND DAMAGES

For its complaint against White Wolf Ventures LLC ("**White Wolf Ventures**"), Justin Patchen, and Eric Boss ("**Defendants**"), Plaintiff ELIE P. AZAR ("**Mr. Azar**"); and White Wolf Capital Group, Inc. (DE); White Wolf Capital Group, LLC (DE); White Wolf Capital Group LLC (FL); White Wolf Capital, LLC (NY); White Wolf Capital, LLC (DE); White Wolf Capital LLC (FL); WWC Operations LLC (DE); White Wolf Capital Management LLC (NY); White Wolf Capital Management LLC (DE); White Wolf Capital Management LLC (FL); White Wolf Partners, LLC (NY); White Wolf Investments, LLC (NY); White Wolf Partners, LLC (DE); White Wolf Private Equity Partners, LLC (DE); White Wolf Capital Partners, LLC (NY); White Wolf Capital Partners LLC (DE); White Wolf Capital Partners, LLC (FL); White Wolf Capital Mezzanine Partners, LLC (DE); White Wolf Capital Special Situations, LLC (DE); White Wolf, LLC (DE); White Wolf LLC (FL); White Wolf Investments LLC (FL); White Wolf Capital Advisors LLC (DE); White Wolf Private Equity Management, LLC (DE); White Wolf Private Equity Management, LLC (FL); White Wolf Private Credit Management, LLC (DE); White Wolf Private Credit Management, LLC (FL); White Wolf Private Credit Partners LLC (DE); White Wolf Business Capital LLC (DE); White Wolf Investments, LLC (DE); White Wolf Private Equity, LLC (DE); White Wolf Private Equity LLC (FL); White Wolf Private Credit, LLC (DE); White Wolf Private Credit LLC (FL); White Wolf Capital Canada, INC. (CANADA); White Wolf Capital Investment Partners I, LLC (DE); White Wolf Capital Investment Partners II, LLC (DE); WWCIP III, LLC (DE); WWCIP IV, LLC (DE); WWCIP V, LLC (DE); WWCIP VI, LLC (DE); WWCIP VII, LLC (DE); WWCIP VIII LLC (DE); WWCIP IX LLC (DE); WWCIP II GP, LLC (DE); WWCIP III GP, LLC (DE); WWCIP IV GP, LLC (DE); WWCIP V GP, LLC (DE); WWCIP V Institutional, LLC (DE); WWCIP V Institutional II, LLC (DE); WWCIP V Institutional GP

LLC, (DE); WWCIP VI GP, LLC (DE); WWCIP VI Institutional I, LLC (DE); WWCIP VI Institutional I GP, LLC (DE); WWCIP VII GP, LLC (DE); White Wolf Capital Mezzanine Partners I, LLC (DE); WWCIP IX GP, LLC (DE); WWCIP X, LLC (DE); White Wolf Private Credit Opportunities, LP (DE); WWCIP I Institutional, LLC (DE); WWCIP X GP, LLC (DE); WWPEP Canada GP Inc. (CANADA); WWPEM Canada Inc. (CANADA); WWPEP Canada LP (CANADA); WWPEO GP, LLC (DE); White Wolf Private Equity Opportunities LP (DE); and WWCIP I GP, LLC (DE) ("**Licensee Plaintiffs**" and, together with Mr. Azar, "**Plaintiffs**") state as follows:

## **INTRODUCTION**

White Wolf Capital LLC is a financial and investment services company that, through its affiliated entities and the Licensee Plaintiffs, provides varied services. Defendant White Wolf Ventures, LLC was a Texas-formed entity that provides varied services, including real estate services and services relating to oil and gas pipelines. Defendant Justin Patchen ("Mr. Patchen") apparently owns White Wolf Ventures. When it came to Plaintiffs' attention that Mr. Patchen was operating a company, White Wolf Ventures, with a confusingly similar name, Plaintiffs demanded that Mr. Patchen change the name of White Wolf Ventures. In that demand letter, Plaintiffs listed each of the entities and trade names affiliated with Plaintiffs.

Shortly after Plaintiffs sent the demand letter, Eric Boss, acting as Mr. Patchen's attorney, represented to counsel for Plaintiffs that Mr. Patchen would make an offer to resolve the dispute. Mr. Boss represented that Mr. Patchen had other properties associated with the business name White Wolf Ventures that would be worth Plaintiffs' while to purchase from White Wolf Ventures instead of proceeding to enforce Plaintiffs' service mark rights against White Wolf Ventures. Shortly after this conversation with Plaintiffs' counsel and well before Mr. Boss wrote with an

offer to sell the "other properties" that Mr. Boss had represented Mr. Patchen, through White Wolf Ventures, owned, Plaintiffs became aware that an individual had purchased multiple domain names that are similar to or the same as certain of Plaintiffs' service marks and trade names as listed in the demand letter sent to Mr. Patchen.  Mr. Boss, again acting as Mr. Patchen's attorney, communicated to Plaintiffs' counsel that Patchen would sell the eleven domain names to Plaintiffs for $15,000, an amount far in excess of the cost paid by Mr. Patchen to purchase the domain names just weeks before. Defendants' actions violate federal cybersquatting laws and state civil conspiracy law.

## NATURE OF THE ACTION

1.      This action arises from Mr. Patchen's or his agent's purchase of domain names, on behalf of himself and/or Defendant White Wolf Ventures, reflecting Plaintiffs' service marks and trade names within two days of receiving a demand notice from Plaintiffs concerning infringement of those very same service marks and trade names.

2.      This action also arises from Mr. Patchen's and/or White Wolf Ventures' offer, made through Mr. Boss, to sell those domain names obtained in bad faith to Plaintiffs for substantially more than the cost to register the domain names.

3.      Mr. Patchen's or his agent's purchase of domain names matching certain of Plaintiffs' service marks and trade names and Mr. Patchen's subsequent offer to sell those domain names to Plaintiffs for substantially more than the cost to register the domain names violates the federal Anticybersquatting Consumer Protection Act ("ACPA").

4.      Upon information and belief, Mr. Boss participated in and/or orchestrated his client's purchase of domain names in response to Plaintiffs' demand letter and subsequently

recommended that Mr. Patchen and/or Defendant White Wolf Ventures offer to sell those domain names to Plaintiffs in violation of the ACPA.

5.      Mr. Boss's activities in concert with Mr. Patchen's and/or Defendant White Wolf Ventures' bad faith registrations of domain names identical to certain of Plaintiffs' trade names constitutes civil conspiracy.

6.      Plaintiffs assert cybersquatting claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, as well as a state law claim for civil conspiracy against all Defendants.

## THE PARTIES

7.      Plaintiff, Elie Azar, is an individual having a principal residence at 601 Brickell Key Drive, Suite 700, Miami, FL 33131.  Mr. Azar is a citizen of Florida.

8.      Mr. Azar is the founder and sole shareholder of Plaintiff White Wolf Capital Group, Inc. ("WWCGI").  WWCGI is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business of 601 Brickell Key Drive, Suite 700, Miami, Florida 33131.

9.      WWCGI has been providing financial and investment services since 2011 and currently has offices in Miami, Florida, USA; Chicago, Illinois, USA; and Montréal, Québec, Canada.

10.      WWCGI's financial and investment services include services involving private investment and acquisition-related activities, namely, investment of funds of others and investment management; financial services, namely, private equity investment services, investing in securities and other financial instruments of companies including debt and equity, financial services related to corporate acquisitions, expansions, restructurings and buyouts, namely, business valuation services, financing services, due diligence, structuring and transaction advisory services;

investment management services, investment advisory services, financial asset management services and loan origination services (hereinafter referred to collectively as the "**WHITEWOLF Services**").

11.     The Licensee Plaintiffs are licensees of the White Wolf Service Marks as detailed below at paragraphs 65 through 273.

12.     The Licensee Plaintiffs are variously organized under the laws of Delaware, Florida, New York, or Canada.

13.     The Licensee Plaintiffs have obtained Mr. Azar's consent to join him in bringing this lawsuit.

14.     Upon information and belief, Defendant White Wolf Ventures is a limited liability company that was organized and existing under the laws of the State of Texas with a principal business address of 122 E 4th Street, Houston, Texas 77007-2502 until its existence was involuntarily forfeited on August 20, 2021.

15.     Upon information and belief, White Wolf Ventures continues to operate in connection with other individuals and entities offering real estate services and directly provides unspecified services to entities that transport, store, and distribute petroleum products.

16.     Upon information and belief, Defendant Justin Patchen is an individual domiciled in the State of Texas and residing at 122 E 4th Street, Houston, Texas 77007-2502.

17.     Upon information and belief, from January 3, 2019 until the time of White Wolf Ventures' involuntary forfeiture, Defendant Patchen was its sole manager and member.

18.     Upon information and belief, Defendant Eric Boss is an individual domiciled in the State of Texas with a business address of 2925 Richmond Avenue, Suite 1725, Houston, Texas 77098.

7

19.     Mr. Boss is an attorney licensed to practice in the State of Texas since December 8, 2011 with a Bar Card Number of 24079836.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b).

21.     This Court also has jurisdiction over the related state law claim pursuant to at least 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

22.     This Court has personal jurisdiction over Defendant White Wolf Ventures because, upon information and belief, White Wolf Ventures is organized in this State; it is or was authorized to transact business in this State and District; and White Wolf Ventures engages in other systematic and continuous contacts in this State and District.

23.     This Court has personal jurisdiction over Defendant Patchen because, upon information and belief, Mr. Patchen is domiciled in this State and District.

24.     This Court has personal jurisdiction over Defendant Boss because, upon information and belief, Boss is domiciled in this State and District.

25.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) in that Defendants maintain their residences and/or their principal places of business in this District.

## FACTUAL BACKGROUND

### The WHITEWOLF® Intellectual Property

*The WHITEWOLF® Service Marks*

26.     Mr. Azar is the owner of U.S. Service Mark Registration No. 3,967,222 for the WHITEWOLF® mark (the "**WHITEWOLF® Mark**").

27.     The application for the WHITEWOLF® mark issued as a federal registration on May 24, 2011 for use with the WHITEWOLF Services.

28.     The registration for the WHITEWOLF® mark confirms that the mark was first used in commerce and first used in interstate commerce at least as early as January 15, 2011.

29.     Mr. Azar has used the WHITEWOLF® mark in interstate commerce continuously since at least as early as January 15, 2011.

30.     The registration for the WHITEWOLF® mark is incontestable.

31.     The registration for the WHITEWOLF® mark is in use, valid, and in full force and effect.

32.     A true and accurate copy of the federal registration certificate for the WHITEWOLF® mark is attached hereto as Exhibit A.

33.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,164,159 for the WHITEWOLF CAPITAL LLC and Design® mark (the "**WHITEWOLF CAPITAL LLC and Design ® Mark**") that appears immediately below:



34.     The application for the WHITEWOLF CAPITAL LLC and Design® Mark issued as a federal registration on June 26, 2012 for use with the WHITEWOLF Services.

35.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark confirms that the mark was first used in commerce and first used in interstate commerce at least as early as January 15, 2011.

36.     Mr. Azar has used the WHITEWOLF CAPITAL LLC and Design® Mark in interstate commerce continuously since at least as early as January 15, 2011.

37.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark is incontestable.

38.     The registration for the WHITEWOLF CAPITAL LLC and Design® Mark is in use, valid, and in full force and effect.

39.     A true and accurate copy of the federal registration certificate for the WHITEWOLF CAPITAL LLC and Design® Mark is attached hereto as Exhibit B.

40.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,548,626 for the WHITEWOLF CAPITAL PARTNERS LLC and Design® mark (the "**WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark**") that appears immediately below:



41.     The application for the WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark issued as a federal registration on June 10, 2014 for use with the WHITEWOLF Services.

42.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark confirms that the mark was first used in commerce at least as early as January 2010 and first used in interstate commerce at least as early as July 2012.

43.     Mr. Azar has used the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark in interstate commerce continuously since at least as early as July 2012.

44.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark is incontestable.

45.     The registration for the WHITEWOLF CAPITAL PARTNERS LLC and Design®
Mark is in use, valid, and in full force and effect.

46.     A true and accurate copy of the federal registration certificate for the
WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark is attached hereto as Exhibit C.

47.     Mr. Azar is the owner of U.S. Service Mark Registration No. 4,720,640 for the
WHITEWOLF CAPITAL MANAGEMENT LLC and Design® Mark (the "**WHITEWOLF
CAPITAL MANAGEMENT LLC and Design® Mark**") that appears immediately below:



48.     The application for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark issued as a federal registration on April 14, 2015 for use with the WHITEWOLF
Services.

49.     The registration for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark confirms that the mark was first used in commerce and first used in interstate
commerce at least as early as June 1, 2014.

50.     Mr. Azar has used the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark in interstate commerce continuously since at least as early as June 1, 2014.

51.     The registration for the WHITEWOLF CAPITAL MANAGEMENT LLC and
Design® Mark is incontestable.

11

52.     The registration for the WHITEWOLF CAPITAL MANAGEMENT LLC and Design® Mark is in use, valid, and in full force and effect.

53.     A true and accurate copy of the federal registration certificate for the WHITEWOLF CAPITAL MANAGEMENT LLC and Design® Mark is attached hereto as Exhibit D.

54.     Mr. Azar is the owner of common law rights in the WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark (the "WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark") that appears immediately below:



55.     The WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark was first used in commerce and first used in interstate commerce at least as early as November 23, 2020.

56.     Mr. Azar has used the WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark in interstate commerce continuously since at least as early as November 23, 2020.

57.     Mr. Azar is the owner of common law rights in the WHITEWOLF PRIVATE CREDIT and Design$^{SM}$ Mark (the "WHITEWOLF PRIVATE CREDIT and Design$^{SM}$ Mark") that appears immediately below:



58.     The WHITEWOLF PRIVATE CREDIT and Design$^{SM}$ Mark was first used in commerce and first used in interstate commerce at least as early as December 17, 2020.

59.     Mr. Azar has used the WHITEWOLF PRIVATE CREDIT and Design$^{SM}$ Mark in interstate commerce continuously since at least as early as December 17, 2020.

60.     Mr. Azar is the owner of common law rights in the WHITEWOLF PRIVATE EQUITY and Design<sup>SM</sup> Mark (the "WHITEWOLF PRIVATE EQUITY and Design<sup>SM</sup> Mark") that appears immediately below:



61.     The WHITEWOLF PRIVATE EQUITY and Design<sup>SM</sup> Mark was first used in commerce and first used in interstate commerce at least as early as January 31, 2018.

62.     Mr. Azar has used the WHITEWOLF PRIVATE EQUITY and Design<sup>SM</sup> Mark in interstate commerce continuously since at least as early as January 31, 2018.

63.     The WHITEWOLF Registrations and the common law rights in the marks that are the subject of the WHITEWOLF Registrations (the "**WHITEWOLF® Federally Registered Service Marks**"), and the common law rights in Mr. Azar's service marks that are in use but not yet federally registered are hereinafter referred to collectively as the "**WHITEWOLF® Service Marks**."

64.     The WHITEWOLF® Service Marks are used in interstate commerce to identify the source of Plaintiff's performance of the WHITEWOLF Services.

*The WHITEWOLF® Trade Names and Licensees*

65.     Mr. Azar uses the trade name White Wolf Business Capital LLC in connection with the performance of the WHITEWOLF Services.

66.     WHITE WOLF BUSINESS CAPITAL LLC was formed in the State of Delaware on July 20, 2020.

67.     WHITE WOLF BUSINESS CAPITAL LLC is a licensee of the WHITEWOLF® Service Marks as of July 20, 2020.

13

68.     Mr. Azar uses the trade name WHITE WOLF CAPITAL ADVISORS LLC in connection with the performance of the WHITEWOLF Services.

69.     WHITE WOLF CAPITAL ADVISORS LLC was formed in the State of Delaware on September 14, 2020.

70.     WHITE WOLF CAPITAL ADVISORS LLC is a licensee of the WHITEWOLF® Service Marks as of September 14, 2020.

71.     Mr. Azar uses the trade name WHITE WOLF CAPITAL GROUP, INC. in connection with the performance of the WHITEWOLF Services.

72.     WHITE WOLF CAPITAL GROUP, INC. was incorporated in the State of Delaware on November 23, 2020.

73.     WHITE WOLF CAPITAL GROUP, INC. is a licensee of the WHITEWOLF® Service Marks as of November 23, 2020.

74.     Mr. Azar uses the trade name White Wolf Capital Group, LLC in connection with the performance of the WHITEWOLF Services.

75.     WHITE WOLF CAPITAL GROUP, LLC was formed in the State of Delaware on July 11, 2017.

76.     WHITE WOLF CAPITAL GROUP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 11, 2017.

77.     Mr. Azar uses the trade name WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC in connection with the performance of the WHITEWOLF Services.

78.     WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC was formed in the State of Delaware on February 8, 2012.

14

79.     WHITE WOLF CAPITAL INVESTMENT PARTNERS I, LLC is a licensee of the WHITEWOLF® Service Marks as of February 8, 2012.

80.     Mr. Azar uses the trade name WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC in connection with the performance of the WHITEWOLF Services.

81.     WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC was formed in the State of Delaware on June 1, 2012.

82.     WHITE WOLF CAPITAL INVESTMENT PARTNERS II, LLC is a licensee of the WHITEWOLF® Service Marks as of June 1, 2012.

83.     Mr. Azar uses the trade name WHITE WOLF CAPITAL, LLC in connection with the performance of the WHITEWOLF Services.

84.     WHITE WOLF CAPITAL, LLC was formed in the State of Delaware on January 14, 2011.

85.     WHITE WOLF CAPITAL, LLC is a licensee of the WHITEWOLF® Service Marks as of January 14, 2011.

86.     Mr. Azar uses the trade name WWC OPERATIONS LLC in connection with the performance of the WHITEWOLF Services.

87.     WWC OPERATIONS LLC was formed in the State of Delaware on November 10, 2018.

88.     WWC OPERATIONS LLC is a licensee of the WHITEWOLF® Service Marks as of November 10, 2018.

89.     Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

90.     WHITE WOLF CAPITAL MANAGEMENT LLC was formed in the State of Delaware on January 15, 2013.

91.     WHITE WOLF CAPITAL MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of January 15, 2013.

92.     Mr. Azar uses the trade name WHITE WOLF CAPITAL MEZZANINE PARTNERS , LLC in connection with the performance of the WHITEWOLF Services.

93.     WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC was formed in the State of Delaware on February 1, 2016.

94.     WHITE WOLF CAPITAL MEZZANINE PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of February 1, 2016.

95.     Mr. Azar uses the trade name WHITE WOLF CAPITAL MEZZANINE PARTNERS I, LLC in connection with the performance of the WHITEWOLF Services.

96.     WHITEWOLF CAPITAL MEZZANINE PARTNERS I, LLC was formed in the State of Delaware on May 21, 2013.

97.     WHITEWOLF CAPITAL MEZZANINE PARTNERS I, LLC is a licensee of the WHITEWOLF® Service Marks as of May 21, 2013.

98.     Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

99.     WHITE WOLF CAPITAL PARTNERS, LLC was formed in the State of Delaware on July 11, 2012.

100.    WHITE WOLF CAPITAL PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of July 11, 2012.

16

101.    Mr. Azar uses the trade name WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC in connection with the performance of the WHITEWOLF Services.

102.    WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC was formed in the State of Delaware on February 1, 2016.

103.    WHITE WOLF CAPITAL SPECIAL SITUATIONS, LLC is a licensee of the WHITEWOLF® Service Marks as of February 1, 2016.

104.    Mr. Azar uses the trade name WHITE WOLF INVESTMENTS, LLC in connection with the performance of the WHITEWOLF Services.

105.    WHITE WOLF INVESTMENTS, LLC was formed in the State of Delaware on November 23, 2020.

106.    WHITE WOLF INVESTMENTS, LLC is a licensee of the WHITEWOLF® Service Marks as of November 23, 2020.

107.    Mr. Azar uses the trade name WHITE WOLF, LLC in connection with the performance of the WHITEWOLF Services.

108.    WHITE WOLF, LLC was formed in the State of Delaware on May 12, 2020.

109.    WHITE WOLF, LLC is a licensee of the WHITEWOLF® Service Marks as of May 12, 2020.

110.    Mr. Azar uses the trade name WHITE WOLF PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

111.    WHITE WOLF PARTNERS, LLC was formed in the State of Delaware on January 2, 2015.

112.    WHITE WOLF PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of January 9, 2015.

113.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT, LLC in connection with the performance of the WHITEWOLF Services.

114.    WHITE WOLF PRIVATE CREDIT, LLC was formed in the State of Delaware on December 17, 2020.

115.    WHITE WOLF PRIVATE CREDIT, LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

116.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

117.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC was formed in the State of Delaware on October 8, 2020.

118.    WHITE WOLF PRIVATE CREDIT MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

119.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

120.    WHITE WOLF PRIVATE CREDIT PARTNERS, LLC was formed in the State of Delaware on July 20, 2020.

121.    WHITE WOLF PRIVATE CREDIT PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of July 20, 2020.

122.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY, LLC in connection with the performance of the WHITEWOLF Services.

123.    WHITE WOLF PRIVATE EQUITY, LLC was formed in the State of Delaware on December 17, 2020.

124.   WHITE WOLF PRIVATE EQUITY, LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

125.   Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

126.   WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC was formed in the State of Delaware on October 8, 2020.

127.   WHITE WOLF PRIVATE EQUITY MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

128.   Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

129.   WHITE WOLF PRIVATE EQUITY PARTNERS, LLC was formed in the State of Delaware on January 11, 2018.

130.   WHITE WOLF PRIVATE EQUITY PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of January 11, 2018.

131.   Mr. Azar uses the trade name WWCIP II GP, LLC in connection with the performance of the WHITEWOLF Services.

132.   WWCIP II GP, LLC was formed in the State of Delaware on July 9, 2013.

133.   WWCIP II GP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 9, 2013.

134.   Mr. Azar uses the trade name WWCIP III GP, LLC in connection with the performance of the WHITEWOLF Services.

135.   WWCIP III GP, LLC was formed in the State of Delaware on February 9, 2015.

136.    WWCIP III GP, LLC is a licensee of the WHITEWOLF® Service Marks as of February 9, 2015.

137.    Mr. Azar uses the trade name WWCIP III, LLC in connection with the performance of the WHITEWOLF Services.

138.    WWCIP III, LLC was formed in the State of Delaware on January 2, 2015.

139.    WWCIP III, LLC is a licensee of the WHITEWOLF® Service Marks as of January 2, 2015.

140.    Mr. Azar uses the trade name WWCIP IV GP, LLC in connection with the performance of the WHITEWOLF Services.

141.    WWCIP IV GP, LLC was formed in the State of Delaware on February 1, 2016.

142.    WWCIP IV GP, LLC is a licensee of the WHITEWOLF® Service Marks as of February 1, 2016.

143.    Mr. Azar uses the trade name WWCIP IV, LLC in connection with the performance of the WHITEWOLF Services.

144.    WWCIP IV, LLC was formed in the State of Delaware on November 25, 2015.

145.    WWCIP IV, LLC is a licensee of the WHITEWOLF® Service Marks as of November 25, 2015.

146.    Mr. Azar uses the trade name WWCIP V GP, LLC in connection with the performance of the WHITEWOLF Services.

147.    WWCIP V GP, LLC was formed in the State of Delaware on April 19, 2016.

148.    WWCIP V GP, LLC is a licensee of the WHITEWOLF® Service Marks as of April 19, 2016.

149.    Mr. Azar uses the trade name WWCIP V, LLC in connection with the performance of the WHITEWOLF Services.

150.    WWCIP V, LLC was formed in the State of Delaware on April 19, 2016.

151.    WWCIP V, LLC is a licensee of the WHITEWOLF® Service Marks as of April 19, 2016.

152.    Mr. Azar uses the trade name WWCIP V INSTITUTIONAL, LLC in connection with the performance of the WHITEWOLF Services.

153.    WWCIP V INSTITUTIONAL, LLC was formed in the State of Delaware on April 16, 2018.

154.    WWCIP V INSTITUTIONAL, LLC is a licensee of the WHITEWOLF® Service Marks as of April 16, 2018.

155.    Mr. Azar uses the trade name WWCIP V INSTITUTIONAL GP, LLC in connection with the performance of the WHITEWOLF Services.

156.    WWCIP V INSTITUTIONAL GP, LLC was formed in the State of Delaware on July 12, 2018.

157.    WWCIP V INSTITUTIONAL GP, LLC is a licensee of the WHITEWOLF® Service Marks as of July 12, 2018.

158.    Mr. Azar uses the trade name WWCIP V INSTITUTIONAL II, LLC in connection with the performance of the WHITEWOLF Services.

159.    WWCIP V INSTITUTIONAL II, LLC was formed in the State of Delaware on November 8, 2018.

160.    WWCIP V INSTITUTIONAL II, LLC is a licensee of the WHITEWOLF® Service Marks as of November 8, 2018.

161.   Mr. Azar uses the trade name WWCIP VI INSTITUTIONAL I GP, LLC in connection with the performance of the WHITEWOLF Services.

162.   WWCIP VI INSTITUTIONAL I GP, LLC was formed in the State of Delaware on March 8, 2019.

163.   WWCIP VI INSTITUTIONAL I GP, LLC is a licensee of the WHITEWOLF® Service Marks as of March 8, 2019.

164.   Mr. Azar uses the trade name WWCIP VI INSTITUTIONAL I, LLC in connection with the performance of the WHITEWOLF Services.

165.   WWCIP VI INSTITUTIONAL I, LLC was formed in the State of Delaware on March 8, 2019.

166.   WWCIP VI INSTITUTIONAL I, LLC is a licensee of the WHITEWOLF® Service Marks as of March 8, 2019.

167.   Mr. Azar uses the trade name WWCIP VI GP, LLC in connection with the performance of the WHITEWOLF Services.

168.   WWCIP VI GP, LLC was formed in the State of Delaware on August 22, 2016.

169.   WWCIP VI GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 22, 2016.

170.   Mr. Azar uses the trade name WWCIP VI, LLC in connection with the performance of the WHITEWOLF Services.

171.   WWCIP VI, LLC was formed in the State of Delaware on August 22, 2016.

172.   WWCIP VI, LLC is a licensee of the WHITEWOLF® Service Marks as of August 22, 2016.

173.    Mr. Azar uses the trade name WWCIP VII GP, LLC in connection with the performance of the WHITEWOLF Services.

174.    WWCIP VII GP, LLC was formed in the State of Delaware on May 15, 2017.

175.    WWCIP VII GP, LLC is a licensee of the WHITEWOLF® Service Marks as of May 15, 2017.

176.    Mr. Azar uses the trade name WWCIP VII, LLC in connection with the performance of the WHITEWOLF Services.

177.    WWCIP VII, LLC was formed in the State of Delaware on February 28, 2017.

178.    WWCIP VII, LLC is a licensee of the WHITEWOLF® Service Marks as of February 28, 2017.

179.    Mr. Azar uses the trade name WWCIP VIII, LLC in connection with the performance of the WHITEWOLF Services.

180.    WWCIP VIII, LLC was formed in the State of Delaware on November 8, 2019.

181.    WWCIP VIII, LLC is a licensee of the WHITEWOLF® Service Marks as of November 8, 2019.

182.    Mr. Azar uses the trade name WWCIP IX, LLC in connection with the performance of the WHITEWOLF Services.

183.    WWCIP IX, LLC was formed in the State of Delaware on September 4, 2020.

184.    WWCIP IX, LLC is a licensee of the WHITEWOLF® Service Marks as of September 4, 2020.

185.    Mr. Azar uses the trade name WWCIP IX GP, LLC in connection with the performance of the WHITEWOLF Services.

186.    WWCIP IX GP, LLC was formed in the State of Delaware on January 19, 2021.

187.     WWCIP IX GP, LLC is a licensee of the WHITEWOLF® Service Marks as of January 19, 2021.

188.     Mr. Azar uses the trade name WWCIP X, LLC in connection with the performance of the WHITEWOLF Services.

189.     WWCIP X, LLC was formed in the State of Delaware on April 5, 2021.

190.     WWCIP X, LLC is a licensee of the WHITEWOLF® Service Marks as of April 5, 2021.

191.     Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP in connection with the performance of the WHITEWOLF Services.

192.     WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP was formed in the State of Delaware on April 8, 2021.

193.     WHITE WOLF PRIVATE CREDIT OPPORTUNITIES, LP is a licensee of the WHITEWOLF® Service Marks as of April 8, 2021.

194.     Mr. Azar uses the trade name WWCIP I INSTITUTIONAL, LLC in connection with the performance of the WHITEWOLF Services.

195.     WWCIP I INSTITUTIONAL, LLC was formed in the State of Delaware on May 17, 2021.

196.     WWCIP I INSTITUTIONAL, LLC is a licensee of the WHITEWOLF® Service Marks as of May 17, 2021.

197.     Mr. Azar uses the trade name WWCIP X GP, LLC in connection with the performance of the WHITEWOLF Services.

198.     WWCIP X GP, LLC was formed in the State of Delaware on May 17, 2021.

199.    WWCIP X GP, LLC is a licensee of the WHITEWOLF® Service Marks as of May 17, 2021.

200.    Mr. Azar uses the trade name WWPEO GP, LLC in connection with the performance of the WHITEWOLF Services.

201.    WWPEO GP, LLC was formed in the State of Delaware on August 2, 2021.

202.    WWPEO GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 2, 2021.

203.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP in connection with the performance of the WHITEWOLF Services.

204.    WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP was formed in the State of Delaware on August 3, 2021.

205.    WHITE WOLF PRIVATE EQUITY OPPORTUNITIES LP is a licensee of the WHITEWOLF® Service Marks as of August 3, 2021.

206.    Mr. Azar uses the trade name WWCIP I GP, LLC in connection with the performance of the WHITEWOLF Services.

207.    WWCIP I GP, LLC was formed in the State of Delaware on August 11, 2021.

208.    WWCIP I GP, LLC is a licensee of the WHITEWOLF® Service Marks as of August 11, 2021.

209.    The foregoing Delaware companies are herein collectively referred to as the "**DELAWARE TRADE NAMES**."

210.    Mr. Azar uses the trade name WHITE WOLF CAPITAL LLC in connection with the performance of the WHITEWOLF Services.

211.   WHITE WOLF CAPITAL LLC was formed in the State of Florida on July 29, 2014.

212.   WHITE WOLF CAPITAL LLC is a licensee of the WHITEWOLF® Service Marks as of July 29, 2014.

213.   Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

214.   WHITE WOLF CAPITAL MANAGEMENT LLC was formed in the State of Florida on August 14, 2014.

215.   WHITE WOLF CAPITAL MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of August 14, 2014.

216.   Mr. Azar uses the trade name WHITE WOLF CAPITAL GROUP LLC in connection with the performance of the WHITEWOLF Services.

217.   WHITE WOLF CAPITAL GROUP LLC was formed in the State of Florida on July 21, 2017.

218.   WHITE WOLF CAPITAL GROUP LLC is a licensee of the WHITEWOLF® Service Marks as of July 21, 2017.

219.   Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS LLC in connection with the performance of the WHITEWOLF Services.

220.   WHITE WOLF CAPITAL PARTNERS LLC was formed in the State of Florida on July 29, 2014.

221.   WHITE WOLF CAPITAL PARTNERS LLC is a licensee of the WHITEWOLF® Service Marks as of July 29, 2014.

222.    Mr. Azar uses the trade name WHITE WOLF LLC in connection with the performance of the WHITEWOLF Services.

223.    WHITE WOLF LLC was formed in the State of Florida on May 14, 2020.

224.    WHITE WOLF LLC is a licensee of the WHITEWOLF® Service Marks as of May 14, 2020.

225.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

226.    WHITE WOLF PRIVATE EQUITY MANAGEMENT LLC was formed in the State of Florida on October 8, 2020.

227.    WHITE WOLF PRIVATE EQUITY MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

228.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT MANAGEMENT LLC in connection with the performance of the WHITEWOLF Services.

229.    WHITE WOLF PRIVATE CREDIT MANAGEMENT LLC was formed in the State of Florida on October 8, 2020.

230.    WHITE WOLF PRIVATE CREDIT MANAGEMENT LLC is a licensee of the WHITEWOLF® Service Marks as of October 8, 2020.

231.    Mr. Azar uses the trade name WHITE WOLF PRIVATE EQUITY, LLC in connection with the performance of the WHITEWOLF Services.

232.    WHITE WOLF PRIVATE EQUITY, LLC was formed in the State of Florida on December 17, 2020.

233.    WHITE WOLF PRIVATE EQUITY, LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

234.    Mr. Azar uses the trade name WHITE WOLF PRIVATE CREDIT LLC in connection with the performance of the WHITEWOLF Services.

235.    WHITE WOLF PRIVATE CREDIT LLC was formed in the State of Florida on December 17, 2020.

236.    WHITE WOLF PRIVATE CREDIT LLC is a licensee of the WHITEWOLF® Service Marks as of December 17, 2020.

237.    Mr. Azar uses the trade name WHITE WOLF INVESTMENTS LLC in connection with the performance of the WHITEWOLF Services.

238.    WHITE WOLF INVESTMENTS LLC was formed in the State of Florida on March 3, 2021.

239.    WHITE WOLF INVESTMENTS LLC is a licensee of the WHITEWOLF® Service Marks as of March 3, 2021.

240.    The foregoing Florida companies are herein collectively referred to as the "**FLORIDA TRADE NAMES**."

241.    Mr. Azar uses the trade name WHITE WOLF CAPITAL LLC in connection with the performance of the WHITEWOLF Services.

242.    WHITE WOLF CAPITAL LLC was formed in the State of New York on August 3, 2009.

243.    WHITE WOLF CAPITAL LLC is a licensee of the WHITEWOLF® Service Marks as of August 3, 2009.

244.    Mr. Azar uses the trade name WHITE WOLF CAPITAL PARTNERS, LLC in connection with the performance of the WHITEWOLF Services.

28

245.    WHITE WOLF CAPITAL PARTNERS, LLC was formed in the State of New York on August 12, 2009.

246.    WHITE WOLF CAPITAL PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of August 12, 2009.

247.    Mr. Azar uses the trade name WHITE WOLF CAPITAL MANAGEMENT, LLC in connection with the performance of the WHITEWOLF Services.

248.    WHITE WOLF CAPITAL MANAGEMENT, LLC was formed in the State of New York on August 12, 2009.

249.    WHITE WOLF CAPITAL MANAGEMENT, LLC is a licensee of the WHITEWOLF® Service Marks as of August 12, 2009.

250.    Mr. Azar uses the trade name WHITE WOLF PARTNERS LLC in connection with the performance of the WHITEWOLF Services.

251.    WHITE WOLF PARTNERS, LLC was formed in the State of New York on August 3, 2009.

252.    WHITE WOLF PARTNERS, LLC is a licensee of the WHITEWOLF® Service Marks as of August 3, 2009.

253.    Mr. Azar uses the trade name WHITE WOLF INVESTMENTS LLC in connection with the performance of the WHITEWOLF Services.

254.    WHITE WOLF INVESTMENTS LLC was formed in the State of New York on December 15, 2021.

255.    WHITE WOLF INVESTMENTS LLC is a licensee of the WHITEWOLF® Service Marks as of December 15, 2021.

256.    The foregoing New York companies are herein collectively referred to as the "**NEW YORK TRADE NAMES**."

257.    Mr. Azar uses the trade name WHITE WOLF CAPITAL CANADA, INC. in connection with the performance of the WHITEWOLF Services.

258.    WHITE WOLF CAPITAL CANADA, INC. was formed in Canada on December 14, 2020.

259.    WHITE WOLF CAPITAL CANADA, INC. is a licensee of the WHITEWOLF® Service Marks as of December 14, 2020.

260.    Mr. Azar uses the trade name WWPEP CANADA GP INC. in connection with the performance of the WHITEWOLF Services.

261.    WWPEP CANADA GP INC. was formed in Canada on July 30, 2021.

262.    WWPEP CANADA GP INC. is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

263.    Mr. Azar uses the trade name WWPEM CANADA INC. in connection with the performance of the WHITEWOLF Services.

264.    WWPEM CANADA INC. was formed in Canada on July 30, 2021.

265.    WWPEM CANADA INC. is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

266.    Mr. Azar uses the trade name WWPEP CANADA LP in connection with the performance of the WHITEWOLF Services.

267.    WWPEP CANADA LP was formed in Canada on July 30, 2021.

268.    WWPEP CANADA LP is a licensee of the WHITEWOLF® Service Marks as of July 30, 2021.

269.    The foregoing Canadian companies are herein collectively referred to as the **"CANADA TRADE NAMES**."

270.    The DELAWARE TRADE NAMES, FLORDIA TRADE NAMES, NEW YORK TRADE NAMES, and CANADA TRADE NAMES are collectively referred to as the **"WHITEWOLF® Trade Names**."

271.    The WHITEWOLF® Trade Names are used in interstate commerce to identify Mr. Azar and the businesses that he operates offering the WHITEWOLF® Services.

272.    Plaintiffs have invested and continue to invest in advancing, promoting, and advertising the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names to identify the source of Plaintiffs' WHITEWOLF Services.

273.    Mr. Azar and the Licensee Plaintiffs therefore have established and continue to enjoy significant goodwill in the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names.

**DEFENDANTS' INFRINGEMENT**

274.    Upon information and belief, the White Wolf Ventures business entity was formed on or about January 2, 2019.

275.    A true and correct copy of the Certificate of Formation from the Texas Secretary of State is attached hereto as **Exhibit E**.

276.    Upon information and belief, White Wolf Ventures has been involved in providing real estate and other services, including services to oil and gas companies, in the State of Texas.

277.    Defendants White Wolf Ventures and Patchen are not authorized to use the WHITEWOLF® Service Marks.

278.    Defendants White Wolf Ventures and Patchen are not authorized to use the WHITEWOLF® Trade Names.

279.    The use of the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names by Defendants White Wolf Ventures and Patchen is likely to cause consumer confusion.

280.    The use of the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names by Defendants White Wolf Ventures and Patchen is impairing the distinctiveness of the WHITEWOLF® Service Marks.

281.    The use of the WHITEWOLF® Service Marks and the WHITEWOLF® Trade Names by Defendants White Wolf Ventures and Patchen is tarnishing the reputation of the WHITEWOLF® Service Marks.

282.    On October 26, 2021, Mr. Azar sent a cease and desist letter to White Wolf Ventures (the "Cease and Desist").

283.    Attached hereto as **Exhibit F** is a true and correct copy of this October 26, 2021 cease and desist letter with its exhibit, which package was delivered by FedEx to White Wolf Ventures on October 27, 2021.

284.    The Cease and Desist listed each of the trade names in use by Plaintiffs.

285.    On November 2, 2021, Eric Boss contacted counsel for Plaintiffs by email requesting a call back with regard to the Cease and Desist.

286.    That same day, November 2, 2021, counsel for Plaintiffs placed a call and spoke to Eric Boss.

287.    In that call, Eric Boss stated that he is an attorney representing the owner of White Wolf Ventures, who is a friend of Boss's.

32

288.    Boss suggested during the call that his client owned a number of properties apart from the trade name White Wolf Ventures that would be useful for Plaintiffs to purchase from his client and that he would communicate a formal offer within a few hours.  No offer was received by Plaintiffs' counsel on November 2, 2021.

289.    Upon information and belief, the owner of White Wolf Ventures has never used the business name in connection with commercial activities, and Mr. Boss stated the same on November 2, 2021.

290.    On November 12, 2021, counsel for Plaintiffs received notice that an individual purchased certain domain names with Plaintiffs' service marks and/or trade names in the URLs, specifically:

WHITEWOLFCAPITALPARTNERS.ORG

WHITEWOLFPARTNERS.ORG

WHITEWOLFCAPITALCANADA.COM

WHITEWOLFCAPITALGROUPINC.COM

WHITEWOLFCAPITALGROUPLLC.COM

WHITEWOLFCAPITALLLC.COM

WHITEWOLFINVESTMENTSLLC.COM

291.    Each domain name is similar or identical to one or more of the trademarks and trade names listed in the Cease and Desist sent to White Wolf Ventures and Patchen.  **Exhibit F**.

292.    Later that day, a representative from GoDaddy, which provides domain broker services, confirmed that a single individual purchased each of the foregoing domain names on October 29, 2021.

33

293.    A true and accurate copy of that email from GoDaddy is attached here as **Exhibit G.**

294.    The representative from GoDaddy further explained that the domains were registered through the Google Registrar behind a privacy proxy service, and the representative expressed concern that the domains were registered for the purpose of offering them for sale to Plaintiffs. **Exhibit G**.

295.    Plaintiffs requested that the broker from GoDaddy offer to purchase the domains for $300 each, and the broker did so. **Exhibit G**.

296.    On November 16, 2021, the broker from GoDaddy informed Plaintiffs that the owner of the domain names had countered with an offer of $1,500 per domain name. **Exhibit G**.

297.    The broker from GoDaddy questioned the owners' valuation of the domain names given that the domain names had only been registered days before. **Exhibit G**.

298.    Upon information and belief, the owner of the domain names responded to the broker from GoDaddy that the domains are "irreplaceable." **Exhibit G**.

299.    On November 22, 2021, counsel for Plaintiffs received a call from Defendant Boss, followed by an email memorializing the call, stating that the owner of White Wolf Ventures, Justin Patchen, would sell to Plaintiffs White Wolf Ventures' and Mr. Patchen's business interests and domain names.

300.    Contrary to Boss's representation on November 2, 2021 that the owner of White Wolf Ventures had never used the business name, Boss represented in his email on November 22, 2021 that "White Wolf Ventures is a 637 Registered entity with the [sic] IRS and active and approved vendor with Magellan Pipeline company with a Terminaling agreement."

301.   A true and correct copy of Mr. Boss's November 22, 2021 email is attached as **Exhibit H**.

302.   Defendant Boss's email of November 22, 2021, offered eleven domain names registered by Mr. Boss's client, Justin Patchen, or Justin Patchen's agent, for sale to Plaintiffs. **Exhibit H**.

303.   Each of those eleven domain names is substantially identical to a service mark or trade name of Plaintiffs:

>WHITEWOLFVENTURES.NET
>
>WHITEWOLFCAPITAL.LLC
>
>WHITEWOLFPARTNERS.ORG
>
>WHITEWOLFCAPITALPARTNERS.ORG
>
>WHITEWOLFCAPITALLLC.COM
>
>WHITEWOLFCAPITALGROUPLLC.COM
>
>WHITEWOLFCAPITALGROUPINC.COM
>
>WHITEWOLFPRIVATEEQUITY.NET
>
>WHITEWOLFINVESTMENTS.NET
>
>WHITEWOLFINVESTMENTSLLC.COM
>
>WHITEWOLFCAPITALCANADA.COM

(collectively, the "**Infringing Domain Names**").

304.   Boss further stated that his client would "accept $15,000.00 in gross for all assets and walk away rights."  **Exhibit H**.

305.   Upon information and belief, White Wolf Ventures and Mr. Patchen relied upon the Cease and Desist as a template for purchasing the Infringing Domain Names.

306.    The domain name WHITEWOLFVENTURES.NET was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

307.    A true and correct copy of the domain registration information for WHITEWOLFVENTURES.NET is attached as **Exhibit I**.

308.    Mr. Azar is the owner of the federally registered, incontestable WHITEWOLF® mark, which is contained within and confusingly similar to the WHITEWOLFVENTURES.NET domain name.

309.    The domain name WHITEWOLFCAPITAL.LLC was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

310.    A true and correct copy of the domain registration information for WHITEWOLFCAPITAL.LLC is attached as **Exhibit J**.

311.    Mr. Azar is the owner of the federally registered WHITEWOLF CAPITAL LLC and Design® Mark, the text of which is identical to the WHITEWOLFCAPITAL.LLC domain name.

312.    The domain name WHITEWOLFPARTNERS.ORG was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

313.   A true and correct copy of the domain registration information for WHITEWOLFPARTNERS.ORG is attached as **Exhibit K**.

314.   Mr. Azar is the owner of the federally registered WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark, the text of which is confusingly similar to the WHITEWOLFPARTNERS.ORG domain name.

315.   The domain name WHITEWOLFCAPITALPARTNERS.ORG was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

316.   A true and correct copy of the domain registration information for WHITEWOLFCAPITALPARTNERS.ORG is attached as **Exhibit L**.

317.   Mr. Azar is the owner of the federally registered WHITEWOLF CAPITAL PARTNERS LLC and Design® Mark, the text of which is substantially identical to the WHITEWOLFCAPITALPARTNERS.ORG domain name.

318.   The domain name WHITEWOLFCAPITALLLC.COM was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

319.   A true and correct copy of the domain registration information for WHITEWOLFCAPITALLLC.COM is attached as **Exhibit M**.

320.   Mr. Azar is the owner of the federally registered WHITEWOLF CAPITAL LLC and Design® Mark, the text of which is substantially identical to the WHITEWOLFCAPITALLLC.COM domain name.

321.   The domain name WHITEWOLFCAPITALGROUPLLC.COM was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

322.   A true and correct copy of the domain registration information for WHITEWOLFCAPITALGROUPLLC.COM is attached as **Exhibit N**.

323.   Mr. Azar is the owner of common law rights in the WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark, the text of which is substantially identical to the WHITEWOLFCAPITALGROUPLLC.COM domain name.

324.   The domain name WHITEWOLFCAPITALGROUPINC.COM was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

325.   A true and correct copy of the domain registration information for WHITEWOLFCAPITALGROUPINC.COM is attached as **Exhibit O**.

326.   Mr. Azar is the owner of common law rights in the WHITEWOLF CAPITAL GROUP and Design$^{SM}$ Mark, the text of which is substantially identical to the WHITEWOLFCAPITALGROUPINC.COM domain name.

327.   The domain name WHITEWOLFPRIVATEEQUITY.NET was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

328.    A  true  and  correct  copy  of  the  domain  registration  information  for WHITEWOLFPRIVATEEQUITY.NET is attached as **Exhibit P**.

329.    Mr. Azar is the owner of common law rights in the WHITEWOLF PRIVATE EQUITY and Design$^{SM}$ Mark,  the  text  of  which  is  substantially  identical  to  the WHITEWOLFPRIVATEEQUITY.NET domain name.

330.    The domain name WHITEWOLFINVESTMENTS.NET was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

331.    A  true  and  correct  copy  of  the  domain  registration  information  for WHITEWOLFINVESTMENTS.NET is attached as **Exhibit Q**.

332.    Mr. Azar formed White Wolf Investments, LLC in the State of Delaware on November 23, 2020, and uses the trade name in connection with the performance of the WHITEWOLF  Services,  which  trade  name  is  substantially  identical  to  the WHITEWOLFINVESTMENTS.NET domain name.

333.    The domain name WHITEWOLFINVESTMENTSLLC.COM was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

334.    A  true  and  correct  copy  of  the  domain  registration  information  for WHITEWOLFINVESTMENTSLLC.COM is attached as **Exhibit R**.

335.    Mr. Azar formed White Wolf Investments, LLC in the State of Delaware on November 23, 2020, and uses the trade name in connection with the performance of the

WHITEWOLF Services, which trade name is substantially identical to the WHITEWOLFINVESTMENTSLLC.COM domain name.

336.   The domain name WHITEWOLFCAPITALCANADA.COM was created on October 29, 2021, after White Wolf Ventures and Mr. Patchen received Plaintiffs' Cease and Desist and actual notice of Plaintiffs' intellectual property rights, and the owner of the domain name's identity is shielded by the use of a privacy proxy service.

337.   A true and correct copy of the domain registration information for WHITEWOLFCAPITALCANADA.COM is attached as **Exhibit S**.

338.   Mr. Azar formed White Wolf Capital Canada, Inc. in Canada on December 14, 2020, and uses the trade name in connection with the performance of the WHITEWOLF Services, which trade name is substantially identical to the WHITEWOLFCAPITALCANADA.COM domain name.

339.   Mr. Azar's federal service mark, common law, and trade name rights in each of the foregoing names was set out clearly in the Cease and Desist sent on October 26, 2021.

340.   FedEx confirmed to counsel that the Cease and Desist was delivered on October 27, 2021 to Justin Patchen.

341.   A true and correct copy of the confirmation email from FedEx is attached as **Exhibit T**.

342.   As a result, Mr. Patchen and White Wolf Ventures have been on actual notice of the WHITEWOLF® Service Marks and WHITEWOLF® Trade Names since at least as early as October 27, 2021, including at the time that Mr. Patchen or his agent purchased the Infringing Domain Names.

40

343.     Further, Defendant Boss has been on actual notice of the WHITEWOLF® Service Marks and WHITEWOLF® Trade Names since at least as early as November 2, 2021, including at the time that Boss offered the Infringing Domain Names for sale to Plaintiffs.

344.     Upon information and belief, Mr. Patchen, White Wolf Ventures, and Mr. Boss intend to continue the above-detailed course of conduct unless otherwise restrained.

345.     Plaintiffs are suffering irreparable injury and have suffered substantial damage as a result of Defendants' activities.

346.     Plaintiffs have no adequate remedy at law.

## COUNT I
**Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d)**
**(Plaintiffs Against White Wolf Ventures And, In The Alternative, Defendant Patchen)**

347.     Plaintiffs re-allege the allegations contained in paragraphs 1 through 346 as if fully set forth here.

348.     At least as early as January 15, 2011, Plaintiffs began to use some of the WHITEWOLF® Service Marks in interstate commerce.

349.     At least as early as January 2011, Plaintiffs began to use certain of the WHITEWOLF® Trade Names in commerce.

350.     At least as early as June 1, 2014, Plaintiffs had begun to use all of the WHITEWOLF® Federally Registered Service Marks in commerce.

351.     Plaintiffs have continuously used the WHITEWOLF® Service Marks and Trade Names in commerce in connection with the WHITEWOLF Services and have thereby developed significant goodwill in the WHITEWOLF® Service Marks and Trade Names.

352. Through Plaintiffs' promotion of the WHITEWOLF® Service Marks and Trade Names, the WHITEWOLF® Service Marks and Trade Names have become widely recognizable by U.S. consumers of private investment and acquisition-related services.

353. Over the course of a decade, Mr. Azar has expanded his use of the WHITEWOLF® Service Marks and Trade Names from designating one private investment firm as the source of the WHITEWOLF Services to a financial and investment services empire with three offices in two different countries providing those WHITEWOLF Services.

354. The WHITEWOLF Services have been used by U.S. consumers of private investment and acquisition-related services across the United States.

355. The WHITEWOLF Services have been used to execute at least 35 transactions across North America and have resulted in nearly $550 million in assets under management.

356. Plaintiffs' federal statutory and federal common law rights in the WHITEWOLF® Service Marks and Trade Names were established prior to October 29, 2021.

357. Plaintiffs' federal statutory and federal common law rights in the WHITEWOLF® Service Marks and Trade Names were known to Defendants Patchen and White Wolf Ventures prior to October 29, 2021.

358. Plaintiffs' federal statutory and federal common law rights in the WHITEWOLF® Service Marks and Trade Names were known to all Defendants on or before November 2, 2021.

359. On October 29, 2021, White Wolf Ventures or its agent registered the Infringing Domain Names, which are confusingly similar to Plaintiffs' WHITEWOLF® Service Marks and Trade Names.

360.     In the alternative, on October 29, 2021, Defendant Patchen or his agent registered the Infringing Domain Names, which are confusingly similar to Plaintiffs' WHITEWOLF® Service Marks and Trade Names.

361.     Upon information and belief, White Wolf Ventures or its agent acted in concert with and at the direction, advice, and/or suggestion of Defendant Boss to register the Infringing Domain Names.

362.     In the alternative, upon information and belief, Defendant Patchen or his agent acted in concert with and at the direction, advice and/or suggestion of Defendant Boss to register the Infringing Domain Names.

363.     In the alternative, upon information and belief, Defendant Patchen acted in both his individual capacity and in his capacity as member and owner of Defendant White Wolf Ventures when he registered the Infringing Domain Names.

364.     White Wolf Ventures or its agent registered the Infringing Domain Names with an intent to profit from the confusing similarity of the Infringing Domain Names to Plaintiffs' WHITEWOLF® Service Marks and Trade Names.

365.     In the alternative, Defendant Patchen or his agent registered the Infringing Domain Names with an intent to profit from the confusing similarity of the Infringing Domain Names to Plaintiffs' WHITEWOLF® Service Marks and Trade Names

366.     Upon information and belief, Defendant Boss directed, advised, or suggested to White Wolf Ventures, Defendant Patchen, and/or its or his agent, that the Infringing Domain Names be registered for resale to Plaintiffs to benefit White Wolf Ventures and/or Defendant Patchen.

367.    Specifically, upon information and belief, White Wolf Ventures or its agent, or, in the alternative, Defendant Patchen or his agent:

a.    Registered the Infringing Domain Names, or assisted, directed, advised, and/or suggested that the Infringing Domain Names be registered within days of receiving Plaintiffs' Cease and Desist detailing Plaintiffs' WHITEWOLF® Service Marks and Trade Name, which notice provided full knowledge to the registrant that the Infringing Domain Names referenced and reflected Plaintiffs' WHITEWOLF® Service Marks and Trade Names;

b.    Made no bona fide, non-infringing, commercial use or fair non-commercial use of the Infringing Domain Names;

c.    Attempted to sell the Infringing Domain Names to Plaintiffs within days of purchasing the Infringing Domain Names without ever having used or having an intent to use the Infringing Domain Names for a legitimate, non-infringing business;

d.    Registered the Infringing Domain Names through a proxy service that hid the registrant's identity;

e.    Registered and now own the Infringing Domain Names, which are identical, substantially identical, or confusingly similar to Plaintiffs' WHITEWOLF® Service Marks and Trade Names; and

f.    Offered to sell the Infringing Domain Names to Plaintiffs by and through Defendant Boss shortly after purchasing the Infringing Domain Names for amounts substantially exceeding the cost to register those Infringing Domain Names.

368.    Upon information and belief, White Wolf Ventures and Defendant Patchen acted in concert with each other to offer the Infringing Domain Names to Plaintiffs.

369.    At all times, White Wolf Ventures, or, in the alternative, Defendant Patchen, acted by, through, and at the direction and/or on advice of counsel, Defendant Eric Boss.

370.    At all times, Defendant Boss acted in concert with and/or in furtherance of the actions of Defendant White Wolf Ventures, or, in the alternative, Defendant Patchen.

371.    At all times, White Wolf Ventures, or, in the alternative, Defendant Patchen, acted willfully and with actual notice of Plaintiffs' WHITEWOLF® Service Marks and Trade Names.

372.    White Wolf Ventures', or, in the alternative, Defendant Patchen's, conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiffs, and to the goodwill and reputation of Plaintiffs, and will continue to damage Plaintiffs unless enjoined by this court.

373.    Plaintiffs have no adequate remedy at law.

374.    Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the Infringing Domain Names to Plaintiffs.

375.    Plaintiffs are further entitled to recover their damages and White Wolf Ventures' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

376.    In the alternative, Plaintiffs are entitled to maximum statutory damages in the amount of $100,000 each for each of the eleven Infringing Domain Names pursuant to 15 U.S.C. § 1117(d), totaling $1,100,000.

377.    Plaintiffs are further entitled to recover their attorneys' fees and costs, together with prejudgment and post-judgment interest.

# COUNT II
## Civil Conspiracy – Texas Common Law
### (Plaintiffs Against All Defendants )

378. Plaintiffs re-allege the allegations contained in paragraphs 1 through 377 as if fully set forth here.

379. Upon information and belief, Defendant Patchen acted on behalf of himself and Defendant White Wolf Ventures at the assistance, advice, and/or direction of Defendant Boss when Defendant Patchen or White Wolf Ventures acquired the Infringing Domain Names.

380. Upon information and belief, Defendant Boss schemed and orchestrated the plan for Defendants Patchen and/or White Wolf Ventures to acquire the Infringing Domain Names for the purpose of offering those Infringing Domain Names for sale to Plaintiffs, and Defendants Patchen and/or White Wolf Ventures agreed to participate in that plan.

381. Specifically, Defendants agreed that Defendant Patchen and/or White Wolf Ventures would acquire the Infringing Domain Names and that the registrant would subsequently offer those Infringing Domain Names for sale to Plaintiffs.

382. The acts contemplated, and in fact taken, by Defendants are unlawful acts taken in violation of the federal Anticybersquatting Consumer Protection Act.

383. As a result of Defendants' unlawful acts, Plaintiffs would be forced to pay what amounts to a ransom to obtain the domain names reflecting Plaintiffs' own WHITEWOLF® Service Marks and Trade Names.

384. As a further result of Defendants' unlawful acts, Defendants are directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiffs, and to the goodwill and reputation of Plaintiffs

385. Plaintiffs are entitled to transfer of the Infringing Domain Names to Plaintiffs.

46

386.     Plaintiffs are entitled to recover jointly and severally against Defendants punitive damages and their attorneys' fees and costs, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment that White Wolf Ventures has engaged in cybersquatting in violation of Lanham Act, 15 U.S.C. § 1125(d);

B.     In the alternative or in addition, enter judgment that Defendant Patchen has engaged in cybersquatting in violation of Lanham Act, 15 U.S.C. § 1125(d);

C.     Enter judgment that Defendants have engaged in a civil conspiracy to violate the Lanham Act, 15 U.S.C. § 1125(d);

D.     Grant Plaintiffs' request for injunctive relief under 15 U.S.C. § 1116;

E.     Order Defendant White Wolf Ventures to pay statutory damages in the amount of not less than $1,000 and not more than $100,000 each for each of the eleven Infringing Domain Names as provided for by 15 U.S.C. § 1117(d);

F.     In the alternative, order Defendant Patchen to pay statutory damages in the amount of not less than $1,000 and not more than $100,000 each for each of the eleven Infringing Domain Names as provided for by 15 U.S.C. § 1117(d);

G.     Grant Plaintiffs' request for injunctive relief under § 1125(d)(1)(C), including transfer of the Infringing Domain Names;

H.     Award Plaintiffs damages, jointly and severally from all Defendants, incurred as a result of Defendants' civil conspiracy, including Plaintiffs' attorneys' fees and costs;

I.     Award Plaintiffs enhanced damages, punitive damages, their attorneys' fees, and their costs as provided for by federal and state statutes, including and not limited to 15 U.S.C. § 1117 and Texas common law;

J.     Grant further equitable relief in order to enjoin the harm caused by Defendants;

K.     Grant Plaintiffs prejudgment and post-judgment interest; and

L.     Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*s/ William L. Sessions*
William L. Sessions
Texas Bar No. 18041500
SDTX Bar No.  16840
MOORE GANSKE MURR SESSIONS, PLLC
15851 Dallas Parkway, Suite 180
Addison, Texas  75001
Telephone: (214) 445-4055
Facsimile: (214) 723-5346
Email: lsessions@mgmspllc.com
Attorney-In- Charge*

*/s/ Holiday W. Banta*
Holiday W. Banta (IN Atty. No. 17852-49),
*pro hac vice forthcoming*
Jessa DeGroote (IN Atty. No. 35847-49),
*pro hac vice forthcoming*
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Telephone: (317) 236-2100
Facsimile: (317) 592-4226
H.Banta@icemiller.com
Jessa.DeGroote@icemiller.com
*Plaintiffs intend to designate Holiday W.
Banta as Attorney-in-Charge upon her
admission pro hac vice*

ATTORNEYS FOR PLAINTIFFS

48